UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Tamara Edlin, <br><br> Plaintiff, <br> v. <br><br> The Receivable Management Services Corporation, <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by Defendant, The Receivable Management Services Corporation, and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff, Tamara ("Mrs. Edlin") is a natural person who resides in the County of Ionia, State of Michigan,

5. Plaintiff is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant, The Receivable Management Services Corporation, ("RMS"), is a foreign corporation.

7. Defendant RMS uses one or more instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

8. Defendant RMS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Defendant RMS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. On its website, RMS indicates that "The Receivable Management Services Corporation (RMS) provides debt recovery services to companies from a wide range of industries." *See* https://www.rmscustomersupport.com/about.

11. On its website, RMS indicates that it is a debt collection company attempting to collect a debt.

12. On its website, RMS indicates that "[a]ll calls to and from The Receivable Management Services Corporation are recorded.

## FACTUAL ALLEGATIONS

13. Sometime between December of 2014 and April of 2015, Plaintiff's stepson incurred a financial obligation that was primarily for personal, family or household purposes in the form of debt for an alleged obligation to Blue Care Network ("the Debt").

14. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Sometime after an alleged default, the Debt was sold, conveyed, delivered, consigned, placed, assigned, or otherwise transferred to Defendant RMS for collection.

16. At all times relevant to this Complaint, alleged debtor James Edlin has not lived at 4512 Bradford Road.

17. Upon information and belief, RMS obtained an address for a James Edlin, but not for the alleged debtor James Edlin, Jr.

18. RMS began mailing letters to:

    JAMES EDLIN
    C/O TAMARA EDLIN
    4512 BRADFORD ROAD
    BELDING, MI 48809-9450

19. Plaintiff is the widow of James Edlin, Sr.

20. Plaintiff began receiving and opening letters from RMS, as addressed in the immediately preceding paragraph.

21. Tamara Edlin experienced strong negative emotions when she received a debt collection letter she believed were addressed to her deceased husband, James Edlin.

22. On or about April 8, 2016, Plaintiff contacted RMS to inquire about the Debt.

23. Plaintiff was informed that the letters were for James Edlin, Jr., her stepson, not her deceased husband.

24. Mrs. Edlin then informed RMS that RMS was sending letters to the wrong address, as James Edlin did not reside at her address.

25. Mrs. Edlin contacted the original creditor on or about April 8, 2016, and was informed by Blue Care Network that Blue Care Network did not provide her address to RMS.

26. Mrs. Edlin was informed that RMS received her address from an internet search.

27. Within the one year immediately preceding this complaint, RMS sent one or more letters addressed to:

    > JAMES EDLIN
    > C/O TAMARA EDLIN
    > 4512 BRADFORD ROAD
    > BELDING, MI 48809-9450

28. RMS continued sending letters to James Edlin, in care of Plaintiff, to an address that RMS knew to be incorrect.

29. The natural consequence of Defendant's conduct was to harass, oppress, or abuse Plaintiff.

30. Plaintiff has suffered an injury in fact traceable to Defendant's conduct that is likely to be redressed by a favorable decision in this matter.

31. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual

damages in the form of anger, anxiety, despair, frustration, upset, and other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant RMS and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

35. Defendant RMS violated 15 U.S.C. § 1692c(b).

36. Defendant RMS violated 15 U.S.C. § 1692d.

37. Defendant RMS violated 15 U.S.C. § 1692e.

38. Defendant RMS violated 15 U.S.C. § 1692e(10).

39. Defendant RMS violated 15 U.S.C. § 1692f.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant RMS.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against RMS and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against RMS and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against RMS and for Plaintiff.

        Respectfully submitted,

        GOLDEN LAW OFFICES, P.C.

Dated: July 21, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com